UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID DYE,

        Plaintiff,                                    Hon. Gordon J. Quist

v.                                                      Case No. 1:12 CV 1204

KENNETH HATFIELD, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Partial Dismissal</u>. (Dkt. #27). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**.


## BACKGROUND

Plaintiff initiated this action on November 1, 2012, against Ken Hatfield, Paul Raymond, and Unknown Smith. (Dkt. #1). The following allegations are contained in Plaintiff's complaint. On November 9, 2011, Plaintiff "was involved in a fleeing and eluding." Defendants eventually captured Plaintiff, but employed excessive force in so doing. Defendants also refused to secure for Plaintiff prompt medical attention for the injuries suffered in his capture. Plaintiff is suing Defendants in both their official and personal capacity and seeks declaratory and monetary relief. Defendants now move to dismiss Plaintiff's claims asserted against them in their official capacity.

**ANALYSIS**

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000). Accordingly, the Eleventh Amendment generally precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). The Court notes that the State of Michigan "has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). An action asserted against a State official in his official capacity is considered an action against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). An exception to this general rule exists, however, for claims seeking prospective injunctive or declaratory (non-monetary) relief compelling a state official (in his official capacity) to comply with federal law. *See Ex Parte Young*, 209 U.S. 123 (1908); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

In his complaint, Plaintiff clearly indicates that he is suing all Defendants in both their official and personal capacity. Defendants are entitled to immunity in their official capacity as to Plaintiff's claims for money damages. The Court further notes that while Plaintiff has requested declaratory relief, he is not requesting *prospective* equitable relief to remedy an ongoing violation of federal law. Instead, Plaintiff is seeking a declaration that Defendants' previous actions violated his

rights, a matter which does not fit within the *Ex Parte Young* exception. *See S & M Brands*, 527 F.3d at 507-08 ("[t]he *Ex Parte Young* exception does not, however, extend to any retroactive relief").

Accordingly, the undersigned recommends that Defendants Hatfield, Raymond, and Smith are entitled to immunity as to all claims asserted against them in their official capacity.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Partial Dismissal</u>, (dkt. #27), be **granted** and Plaintiff's claims asserted against Defendants Hatfield, Raymond, and Smith in their official capacity be dismissed. The undersigned also recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 10, 2013   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge